UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RAPIDDEPLOY, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>MAPBOX, INC.,<br><br>      Defendants. | Civil Action No.  1:20-cv-00040<br><br>**COMPLAINT FOR:**<br><br>**(1) FALSE DESIGNATION AND UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1051**<br><br>**(2) TRADEMARK INFRINGEMENT UNDER TEXAS LAW**<br><br>**(3) MISAPPROPRIATION/UNFAIR COMPETITION UNDER TEXAS LAW**<br><br>**JURY TRIAL REQUESTED** |

**COMPLAINT**

Plaintiff RapidDeploy, Inc. ("RapidDeploy"), for its Complaint against Mapbox, Inc. ("Mapbox") alleges as follows:

**JURISDICTION AND VENUE**

1. RapidDeploy brings this action for injunctive and monetary relief for false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and trademark infringement and misappropriation/unfair competition under the common law of Texas.  This Court has subject matter jurisdiction over the federal question claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

2. This Court has personal jurisdiction over Mapbox because, on information and belief, it conducts substantial business in this State.

3. Venue in this Court exists under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events giving rise to RapidDeploy's claims occurred in this District.

## THE PARTIES

4. RapidDeploy is Delaware corporation with its principal place of business at 119 Nueces St., Austin, TX 78701.

5. On information and belief, Mapbox is a Delaware corporation with its principal place of business at 1509 16th St NW, FL 2, Washington, D.C. 20036.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### The RAPIDDEPLOY Mark

6. RapidDeploy develops cloud-based, computer-aided dispatch systems for first responders. Computer-aided dispatch, or CAD, is a fundamental piece of emergency response systems that help manage the process of sending out personnel to respond to 9-1-1 calls. Traditional CAD features a suite of software and on-site hardware that emergency service providers must protect, maintain, and update themselves.

7. RapidDeploy alleviates this burden on emergency service providers by providing a sophisticated and state-of-the-art CAD system on Microsoft's Azure Government cloud computing infrastructure. This move from on-site to cloud-based CAD benefits emergency service providers in at least two ways. First, cloud-based CAD is more reliable than traditional CAD because it eliminates the risk of on-site hardware failures and provides customers with more frequent software updates. Second, by using cutting-edge mapping and analytics software, RapidDeploy helps boost situational awareness for dispatchers and first responders, and thereby reduces emergency response times. Moreover, by hosting its service on Azure Government, which has world-class, specialized cybersecurity technology and staff, RapidDeploy's cloud-based CAD is much less prone to cyberattacks than other cloud-based platforms.

8. RapidDeploy was founded in South Africa in 2014. Since at least June 2017, RapidDeploy has, under the RAPIDDEPLOY mark, continuously promoted, marketed, and sold

a variety of cloud-based CAD systems to buyers throughout the United States. As a result of RapidDeploy's continuous marketing and promotion efforts, the RAPIDDEPLOY mark has become distinctive and signifies RapidDeploy's cloud-based CAD systems. Indeed, the RAPIDDEPLOY mark has become synonymous with all of RapidDeploy's products.

9. RapidDeploy's customers use the RAPIDDEPLOY mark to describe not only the RapidDeploy company name, but also in reference to cloud-based CAD systems that RapidDeploy promotes and sells.

10. RapidDeploy has experienced rapid growth, driven by the rapid expansion of cloud-based technology and RapidDeploy's diligent marketing, branding, promotion, and sales, and its innovative products. RapidDeploy has invested significant time and resources to develop and build the reputation and goodwill of the RAPIDDEPLOY brand. Since the inception of the company, RapidDeploy has used the RAPIDDEPLOY mark in connection with and to identify the source and designation of its services on, among other things, its website, brochures, product demonstrations, and commercial documents. Moreover, RapidDeploy owns the domain name *rapiddeploy.com*, further connecting the RAPIDDEPLOY mark to RapidDeploy's products and services.

11. RapidDeploy's products are offered to emergency service providers in all 50 states. These emergency service providers, and the general public distinguish RapidDeploy's products from those of other companies and providers of cloud-based emergency service support on the basis of the RAPIDDEPLOY mark. Accordingly, RapidDeploy has extensive common law rights in the RAPIDDEPLOY mark.

Mapbox's Infringing Activities

12. Mapbox is a provider of web- and mobile-based location data platforms. Mapbox directly competes with RapidDeploy in the emergency services market. On November 21, 2019,

Mapbox released and began promoting a product called Rapid Deploy, which is identical to RapidDeploy's mark. Not only does Mapbox promote its product with the Rapid Deploy name, but also advertises Rapid Deploy using language that is confusingly similar to RapidDeploy's mission statement. As an example, both Mapbox and RapidDeploy describe how their respective products "improve situational awareness" for "first responders."

13. RapidDeploy contacted Mapbox in December 2019, requesting that Mapbox refrain from using the infringing Rapid Deploy mark in connection with Mapbox's new product. Mapbox failed to respond. Mapbox's refusal to communicate with RapidDeploy and continued use of the infringing mark requires RapidDeploy to bring this action to protect its valuable intellectual property rights.

<u>RapidDeploy is Suffering Harm from Mapbox's<br>Continuing Infringement and Unlawful Conduct.</u>

14. Due to RapidDeploy's renown and customers' recognition of the RAPIDDEPLOY mark, consumers will suffer confusion and mistakenly believe that Mapbox and its product are endorsed, approved, or sponsored by, or affiliated, connected, or associated with RapidDeploy. This is particularly so for products and services geared toward emergency service providers, as those products and services are often sold through the same or similar marketing channels. Mapbox will thus enjoy the benefits of RapidDeploy's reputation and goodwill based on this consumer confusion, to RapidDeploy's detriment.

15. Mapbox's use of the infringing Rapid Deploy mark in commerce violates RapidDeploy's intellectual property rights in the RAPIDDEPLOY mark, and this knowing, intentional, and willful infringement is damaging to RapidDeploy.

16. Because of Mapbox's continuing willful infringement and unlawful conduct, RapidDeploy is now forced to bring this action to protect its valuable intellectual property rights.

RapidDeploy has retained counsel and incurred attorneys' fees and costs (and it continues to incur those fees and costs) to prosecute this lawsuit and pursue its claims.

17. RapidDeploy's interests in protecting its intellectual property rights and product from consumer confusion outweigh any harm to Mapbox. The public interest is best served by granting RapidDeploy's requested relief against Mapbox.

## FIRST CLAIM FOR RELIEF

### False Designation of Origin/Unfair Competition, 15 U.S.C. § 1125(a)

18. RapidDeploy incorporates by reference the factual allegations set forth above.

19. The RAPIDDEPLOY mark is strong and distinctive and designates RapidDeploy as the source of all goods advertised, marketed, sold, or used in connection with the mark. In addition, by virtue of RapidDeploy's substantial promotion and use of the RAPIDDEPLOY mark in connection with its products, the RAPIDDEPLOY mark has acquired secondary meaning, whereby the consuming public of this District, the State of Texas, and the United States, associate the RAPIDDEPLOY mark with a single source of products geared toward first responders.

20. On information and belief, Mapbox was aware of the RAPIDDEPLOY mark, due to the strong success of RapidDeploy's products, which compete in the same market as Mapbox's Rapid Deploy product. Moreover, RapidDeploy previously contacted Mapbox to discuss using an Application Program Interface ("API") service provided by Mapbox, further evidencing Mapbox's awareness of the RAPIDDEPLOY mark in connection with RapidDeploy's products. Mapbox also had actual notice of the mark since December 2019 when RapidDeploy reached out regarding this infringement. Thus, Mapbox's unauthorized use of a

mark that is confusingly similar to the RAPIDDEPLOY mark was and is knowing, intentional, and willful.

21.  On information and belief, through its use of the confusingly similar Rapid Deploy product, Mapbox intended to, and did in fact, confuse and mislead consumers into believing, and misrepresented and created the false impression, that RapidDeploy somehow authorized, originated, sponsored, approved, licensed, or participated in Mapbox's use of the Rapid Deploy product.

22.  In fact, there is no connection, association, or licensing relationship between RapidDeploy and Mapbox, nor has RapidDeploy ever authorized, licensed, or given permission to Mapbox to use the RAPIDDEPLOY mark in any manner.

23.  RapidDeploy is the senior user of the RAPIDDEPLOY mark as it began use of the mark in interstate commerce prior to the Mapbox's announcement, promotion, and sale, of the Rapid Deploy product.

24.  On information and belief, Mapbox's use of the Rapid Deploy mark will likely cause confusion as to the origin and authenticity of Mapbox's products and will likely cause others to believe that there is a relationship between Mapbox and RapidDeploy.

25.  As a direct and proximate result of Mapbox's wrongful conduct, RapidDeploy has been and will continue to be damaged.

26.  Thus, Mapbox's incorporation and use of the infringing Rapid Deploy mark in connection with Mapbox's Rapid Deploy product constitutes a false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

27.  Mapbox's activities have caused, and will continue to cause, irreparable harm to RapidDeploy, for which it has no adequate remedy at law, in that: (a) the RAPIDDEPLOY mark

comprises a unique and valuable intellectual property right that has no readily determinable market value; (b) Mapbox's infringement interferes with RapidDeploy's goodwill and customer relationships and will substantially harm RapidDeploy's reputation as a source of high-quality products; and (c) Mapbox's wrongful conduct, and the damages resulting to RapidDeploy, are continuing.  Accordingly, RapidDeploy is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

28.     Pursuant to 15 U.S.C. §1117(a), RapidDeploy is entitled to an order: (a) requiring Mapbox to account to RapidDeploy for any and all profits it derived from its actions, to be increased in accordance with the applicable provisions of law; and (b) awarding all damages sustained by RapidDeploy caused by Mapbox's conduct.

## SECOND CLAIM FOR RELIEF

### Common Law Trademark Infringement

29.     RapidDeploy incorporates by reference the factual allegations set forth above.

30.     RapidDeploy has valid and protectable common law rights in the RAPIDDEPLOY mark.  The mark is strong and distinctive, designating RapidDeploy as the source of all goods and services advertised, marketed, sold or used in connection with the mark.

31.     RapidDeploy is the senior user of the RAPIDDEPLOY mark.

32.     Mapbox's conduct constitutes infringement of RapidDeploy's common law rights in the RAPIDDEPLOY mark.

33.     Mapbox's use of the infringing mark is likely to cause confusion as to the origin of Mapbox's product and is likely to cause others to believe that there is a relationship between Mapbox and RapidDeploy.

34. Mapbox's wrongful acts have permitted and will permit it to receive substantial profits based upon the strength of RapidDeploy's reputation and the substantial goodwill built up in the RAPIDDEPLOY mark.

35. Mapbox's conduct accordingly constitutes trademark infringement in violation of the common law of Texas.

36. As a direct and proximate result of Mapbox's wrongful conduct, RapidDeploy has been and will continue to be damaged. RapidDeploy is thus entitled to its damages suffered as a result of this infringement.

37. Unless an injunction is issued enjoining any continuing or future use of the infringing Rapid Deploy mark by Mapbox, such use is likely to continue to cause confusion and thereby irreparably damage RapidDeploy. RapidDeploy has no adequate remedy at law and is thus entitled to such an injunction.

## THIRD CLAIM FOR RELIEF

### Common Law Misappropriation/Unfair Competition

38. RapidDeploy incorporates by reference the factual allegations set forth above.

39. RapidDeploy has expended significant time and expense in developing the RAPIDDEPLOY mark and the high quality products that it markets, offers, and sells under that mark. The RAPIDDEPLOY mark has been very successful and has developed a substantial reputation and goodwill in the marketplace.

40. Through its wrongful conduct, Mapbox has misappropriated RapidDeploy's efforts and are exploiting the RAPIDDEPLOY mark and RapidDeploy's reputation to market and sell its Rapid Deploy product. These actions constitute misappropriation and unfair competition in violation of the common law of Texas.

41. As a direct and proximate result of Mapbox's wrongful conduct, RapidDeploy has been and will continue to be damaged. RapidDeploy is thus entitled to its damages suffered as a result of this infringement.

42. Unless an injunction is issued enjoining Mapbox's unfairly competitive conduct, RapidDeploy will continue to be damaged irreparably. RapidDeploy has no adequate remedy at law. Accordingly, RapidDeploy is entitled to an injunction.

43. On information and belief, Mapbox has acted knowingly, willfully, intentionally, and maliciously, such that RapidDeploy is entitled to an award of punitive damages.

## **PRAYER**

WHEREFORE, RapidDeploy prays for the following relief:

A. An injunction whereby Mapbox, and its principals, officers, directors, members, partners, agents, servants, employees, authorized representatives, attorneys, and all other persons acting in concert or participating with them, who receive actual notice of the injunction order by personal or other service, are permanently enjoined from:

    1. Using the infringing Rapid Deploy mark or any other mark likely to cause confusion with the RAPIDDEPLOY mark, in connection with the promotion, advertising, offering for sale, or sale, of any products;

    2. Using any false designation of origin, false representation, or any false or misleading description of fact, that can, or is likely to, lead the consuming public or individual members thereof, to believe that any products offered, promoted, marketed, advertised, provided, or sold by Mapbox is in any manner associated or connected with RapidDeploy, or are licensed, approved, or authorized in any way by RapidDeploy;

        3.      Representing, suggesting in any fashion to any third party, or performing any act that may give rise to the belief, that Mapbox, or any of its products, are related to, or authorized or sponsored by, RapidDeploy;

        4.      Unfairly competing with RapidDeploy in any manner whatsoever, or engaging in any unfair, fraudulent, or deceptive business practices that relate in any way to the distribution, marketing, sale, or use of products bearing the infringing mark, or any other mark likely to cause confusion with the RAPIDDEPLOY mark; and

        5.      Applying for or seeking to register any mark, domain name or online user name that is likely to cause confusion with the RAPIDDEPLOY mark.

B.      An order, pursuant to 15 U.S.C. § 1116(a), that within thirty (30) days after the entry and service on Mapbox of an injunction, Mapbox file with this Court and serve upon RapidDeploy's counsel a report in writing and under oath setting forth in detail the manner and form in which Mapbox has complied with the injunction.

C.      An order finding that Mapbox has created a false designation of origin and false representation of association in violation of 15 U.S.C. § 1125(a).

D.      An order finding that Mapbox has engaged in common law trademark infringement.

E.      An order finding that Mapbox has engaged in common law unfair competition.

F.      An order awarding RapidDeploy damages as follows:

        1.      RapidDeploy's actual damages, as well as all of Mapbox's profits or gains of any kind from their acts of false designation of origin pursuant to 15 U.S.C. § 1117(a); and

        2.      Punitive damages pursuant to Texas common law.

G.  An order awarding RapidDeploy all of its costs, disbursements, and other expenses incurred due to Mapbox's unlawful conduct, pursuant to 15 U.S.C. § 1117(a).

H.  An order awarding RapidDeploy such other relief as the Court deems just and appropriate.

## JURY DEMAND

RapidDeploy hereby demands a trial by jury.

Dated: January 13, 2020

Respectfully Submitted,

*/s/ Giri Pathmanaban*
Giri Pathmanaban
Texas Bar No. 24074865
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
(650) 328-4600 / (650) 463-2600 Fax
Email:  giri.pathmanaban@lw.com

Maximilian A. Grant (*Pro Hac Vice* to be filed)
District of Columbia Bar No. 481610
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2267 / (202) 637-2201 Fax
Email:  max.grant@lw.com

Jennifer L. Barry (*Pro Hac Vice* to be filed)
California State Bar No. 228066
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
(858) 523-5400 / (858) 523-5450 Fax
Email:  jennifer.barry@lw.com

Attorneys for Plaintiff
RAPIDDEPLOY, INC.